IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DEREK HARRIS,                    )
                                 )
        Petitioner,              )
                                 )
vs.                              )        Case No. CV 01-BU-513-S
                                 )
ROYZELL HIGHTOWER, Warden,       )
and the ATTORNEY GENERAL         )
OF THE STATE OF ALABAMA,         )
                                 )
        Respondents.             )

## MEMORANDUM OPINION

This is an action by an Alabama state prisoner pursuant to 28
U.S.C. § 2254, challenging the constitutional validity of the
conviction he received in the Jefferson County Circuit Court on
September 23, 1998, for provocation manslaughter.  The petitioner,
Derek Harris, filed his *pro se* petition for writ of *habeas corpus*
on February 27, 2001.  He is incarcerated at the Kilby Correctional
Facility in Mt. Meigs, Alabama.

## Procedural History

On September 23, 1998, the petitioner was found guilty of
provocation manslaughter following a jury trial and was sentenced

to life imprisonment.  Petitioner appealed from the conviction, and

the Alabama Court of Criminal Appeals affirmed the conviction by

memorandum opinion dated March 26, 1999.   Petitioner sought

rehearing, and the appellate court released a published opinion on

July 9, 1999, withdrawing the unpublished opinion of March 26 and

reaffirming the conviction.  Petitioner then sought *certiorari* in

the Alabama Supreme Court, which was denied on October 15, 1999.

Petitioner did not seek *certiorari* from the United States Supreme

Court, nor did he seek further or other relief by filing any

postconviction petition.

The petitioner filed his *pro se* petition for writ of *habeas*

*corpus* on February 27, 2001, asserting: (1) that the evidence was

insufficient to support his conviction; (2) that AEDPA unlawfully

requires petitioner to waive his state remedy available pursuant to

Alabama Rule of Criminal Procedure 32; (3) that the trial court

erred in (a) providing an instruction for a lesser included

offense; (b) allowing the prosecutor to argue facts not in evidence

and to testify through his argument, (c) admitting evidence in

violation of Alabama Rules of Evidence; and (4) that he received

ineffective assistance of counsel in that counsel failed to object

to the conduct described in above, failed to investigate facts

relevant to his defense, and failed to raise relevant issues on

-2-

appeal.   Pursuant  to  the  court's  order  to  show  cause,  the respondents filed an answer on March 27, 2001, asserting that the petition is time-barred by operation of 28 U.S.C. § 2244(d)(1).[1]

By order of March 28, 2001, the parties were notified that the petition would be considered for summary disposition, and the petitioner was notified of the provisions and consequences of this procedure under Rule 8 of the Rules Governing § 2254 Cases.  The petitioner filed a response to the order on May 22, 2001, asserting that he was not aware of the Alabama Supreme Court's disposition of his petition for writ of certiorari, and arguing that his claims should be determined on the merits.

## Timeliness

The respondents raise the issue that the instant petition may not be considered by the court because it is time-barred pursuant to 28 U.S.C. § 2244(d)(1).  They point out that more than a year elapsed from the time the petitioner's conviction became final and the date of the filing of this action.  Petitioner responded, in essence, that the time-bar does not apply because he was unaware that the Alabama Supreme Court had issued its final ruling on

---

[1]    The respondents also assert the defense of exhaustion. However, the court will not consider any issue of exhaustion because the petition clearly is due to be dismissed as time-barred.

October 15, 1999.  The court finds the argument unavailing,
however, and  agrees that time for the filing of this petition
expired, and it cannot now be considered on the merits.

Section 2244(d), enacted April 24, 1996, as part of the
Antiterrorism and Effective Death Penalty Act of 1996, established
for the first time a one-year deadline for the filing of *habeas*
actions under § 2254 challenging the validity of state criminal
convictions.  The one-year limitation runs from the latest of any
of four dates, only one of which applies to this case, however, and
that is "the date on which the judgment became final by the
conclusion of direct review or the expiration of the time for
seeking such review."  The limitations period is subject to tolling
under § 2244(d)(2), which states: "The time during which a
properly-filed application for State post-conviction or other
collateral review with respect to the pertinent judgment or claim
is pending shall not be counted toward any period of limitation
under this subsection."  Subsection 2244(d)(2) provides for the
tolling of the limitation period during those times the petitioner
has pending a "properly filed" post-conviction petition in state
court.  There is no dispute as to whether the Rule 32 petition at
issue was properly filed.

Turning to the facts of this case, the petitioner's judgment
of conviction became final 90 days after The Alabama Supreme Court

-4-

denied petitioner's writ of *certiorari* on October 15, 1999.
Consequently, his conviction became final on January 13, 2000.  On
that date the one-year limitation period began to run, causing any
petition filed later than January 12, 2001, to be untimely.  In
accordance with subsection (d)(2), however, that period would have
been tolled during the time that petitioner had a Rule 32 petition
pending in state court.  In this case, however, the petitioner did
not file any Rule 32 petition.

   Although petitioner does not specifically state that he is
entitled to equitable tolling of the limitations period, his
declaration that he did not know of the Alabama Supreme Court's
adjudication of his appeal suggests that he asserts that his
petition for writ of habeas corpus should be deemed timely by
application of the principles of equitable tolling.  The Eleventh
Circuit Court of Appeals has recognized that the limitation period
under § 2254 may be equitably tolled "when a movant untimely files
because of extraordinary circumstances that are both beyond his
control and unavoidable even with diligence."  Helton v. Secretary
for the Dept. of Corrections, 233 F. 3d 1322, 1324-25 (11th Cir.
2000).  The court went on to note that equitable tolling is an
"extraordinary remedy" and cautioned that it is to be "applied
sparingly."  Id. at 1325.  Moreover, the petitioner in Helton
demonstrated to the district court that he had "diligently pursued

his legal remedies without delay." Id.   Other circuits have likewise restricted the use of equitable tolling to instances that are "extraordinary," "rare," and "beyond the control" of the petitioner. See Wyzykowski v. Department of Corrections, 226 F. 3d 1213, 1216, n.1 (11th Cir. 2000), and cases cited therein.

Petitioner has failed to demonstrate any of the "extraordinary circumstances" that would compel the court to apply equitable tolling and to allow petitioner to untimely seek *habeas* relief. Petitioner simply asserts that he wasn't notified of the status of his case, and that he and his family members made "numerous attempts" to determine the status of his appeal.  Such conclusory and unsupported assertions are not sufficient to show that petitioner's failure to timely file the instant petition was "beyond his control."  Consequently, the instant *habeas* petition, filed more than a year after his conviction became final, clearly is untimely.

## Conclusion

Accordingly, for the reasons stated above, the petition for writ of *habeas corpus* under 28 U.S.C. § 2254 is hereby DISMISSED WITH PREJUDICE as barred by 28 U.S.C. § 2244(d).

The Clerk is DIRECTED to serve a copy of this report and recommendation upon the petitioner and upon counsel for the respondents.

DATED this 31st day of October, 2001.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE

-7-